IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-09-1492-PHX-ROS |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **RE: Motion to Sever Trials or in the Alternative to Exclude Co-Defendant's Statements (Bruton) (Doc. 407)** |
| Duane Hamblin Slade, et al., | |
| Defendants. | |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

On February 15, 2011, this Court[1] was appointed by presiding Chief Judge Roslyn Silver as a Special Master to resolve discovery issues. (Doc. 234.) On July 25, 2011, Chief Judge Silver referred all pretrial evidentiary issues to this Court. On August 12, 2011, Defendant Brent Williams filed a Motion to Sever Trials or in the Alternative to Exclude Co-Defendant's Statements (Bruton). (Doc. 407.) The Government has filed a Response (Doc. 468), and Defendant has not filed a Reply. Defendant requests in his motion that "the Court enter an order severing his trial from that of his co-defendants, pursuant to Bruton v. United States, []." (Doc. 407, at 1.) Alternatively, he requests that "the government be precluded from offering statements of codefendants Towler and Sewell at a joint trial." (Id.)

---

[1] To avoid confusion, Magistrate Judge Burns' Court will be referred to as "this Court," and Presiding District Judge Silver's Court will be referred to as "the Court."

**BACKGROUND**

During the state and government investigation of the defendants, co-defendants Sewell and Towler gave statements to investigators and provided testimony before the Arizona Corporation Commission (ACC). (Doc. 407, at 2.) On May 9, 2011, the Government provided notice of its intent to use those and other statements. (Id.) Defendant expresses concern that some of those statements implicate him, in violation of Bruton, 391 U.S. 123 (1968), and thus, seeks an order severing his trial from those defendants, or precluding the admission of the statements. The statements involved are: (1) that "all" defendants had knowledge that the Mathon loans were in default, and (2) that defendants Slade, Guy Williams, and Sewell were all on a committee together which considered funding requests. Defendant argues that testimony regarding his knowledge of defaulting loans is incriminating, and that testimony that he was on this committee is tantamount to evidencing his knowledge of the defaulting loans, which is incriminating, in violation of Bruton.

The Government argues that "the statements of Sewell and Towler can easily be sanitized to avoid facially implicating [Defendant]." (Doc. 468, at 2.) The Government sets forth in its Response the statements of Sewell and Towler that it will introduce relating to their knowledge that "all" the defendants knew that Mathon's loan portfolio was in default, and offers a redacted version it will seek to introduce at trial that removes any such offending inference.

In Bruton, the Supreme Court "held that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." Richardson v. March, 481 U.S. 200, 207 (1987) The Ninth Circuit has emphasized that, to establish a Bruton issue, a defendant must show that his non-testifying co-defendant's statement had a "'devastating' or 'powerful' inculpatory impact" toward him and was "incriminatory on its face." United States v. Olano, 62 F.3d 1180, 1195 (9th Cir. 1995) (citations omitted). Redaction is a viable alternative to severance of the trial or exclusion of the statements where the statements can be redacted to

avoid direct implication of the codefendant. United States v. Mitchell, 502 F.3d 931, 965 (9th Cir. 2007). See Zafiro v. United States, 506 U.S. 534, 539 (1993) (a court should grant severance "only if there is serious risk that a joint trial would prejudice a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence.").

Defendant has not established that the statements made by co-defendants Sewell and Towler are statements that have a devastating or powerful inculpatory impact toward him or are incriminatory on their face, and to the extent some of the statements fit that definition, the Government has agreed to redact those statements. The redacted versions set forth in the Government's response do not incriminate Defendant. Defendant argues that Sewell and Towler made statements implicating Defendant's membership on the Mathon management committee, and that the fact of his membership may be indirectly incriminating. He also argues that any testimony that Defendant was in management meetings with Sewell and Towler, who were aware of the loan defaults, is prejudicial. Without more, these statements do not expressly implicate Defendant, nor are they powerfully incriminating.

Defendant has not established that his Sixth Amendment right to confrontation will be infringed in a joint trial, or that the statements of Sewell and Towler, as set forth in Defendant's motion, incriminate him and should be precluded, or that the Government's redaction of the statements does not render them properly sanitized.

**IT IS THEREFORE RECOMMENDED** that Defendant Brent Williams's Motion to Sever Trials or in the Alternative to Exclude Co-Defendant's Statements (Doc. 407) be **DENIED without prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days within which to

file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed.R.Civ.P. 72.

DATED this 18th day of January, 2012.

/s/ Michelle H. Burns
Michelle H. Burns
United States Magistrate Judge