**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brent F Williams,<br><br>  Petitioner,<br><br>v.<br><br>United States of America,<br><br>  Respondent. | No. CV-17-00426-PHX-ROS<br>     CR-09-01492-PHX-ROS<br><br>**ORDER** |

On March 23, 2020, Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending the Court deny Petitioner's amended motion to vacate his convictions under 28 U.S.C. § 2255. Petitioner filed objections, as well as motions seeking an evidentiary hearing and the appointment of counsel. (Doc. 43, 44, 45). Having reviewed the R&R and Petitioner's objections, the R&R will be adopted in full. And because Petitioner has not established a need to hold an evidentiary hearing nor has he established he is entitled to the appointment of counsel, the motions seeking a hearing and the appointment of counsel will be denied.

**FACTUAL BACKGROUND**

As recounted in the R&R, in 2003 Petitioner became the Chief Financial Officer of a business that "solicit[ed] money from investors and use[d] that money to make short-term, high-interest rate loans to third-party borrowers." (Doc. 42 at 2). Over time, "investor funds were commingled, and new investors' money was used to repay other investors." (Doc. 42 at 2). Later, the Arizona Corporation Commission took "over the

company and had a court-appointed receiver take control." Eventually, investors ended up losing approximately $32.9 million.

In 2009, Petitioner and his co-defendants were indicted on many counts including multiple counts of mail fraud, wire fraud, and money laundering. After a jury trial, Petitioner was convicted and "sentenced to concurrent sentences of 90 months." (Doc. 42 at 3). Petitioner was also ordered to pay over $15 million in restitution. Petitioner appealed but the Ninth Circuit affirmed. Petitioner then filed a Motion for New Trial, primarily arguing the Securities and Exchange Commission ("SEC") was the only governmental entity entitled to bring criminal charges against him. Because Petitioner had been prosecuted by the Department of Justice, he believed the Court lacked "jurisdiction over the subject matter in the case." (CR-09-1492, Doc. 1620 at 21). The Court rejected that argument, explaining the Department of Justice was the proper entity to pursue criminal charges. (CR-09-1492, Doc. 1623). Petitioner appealed that ruling but the Ninth Circuit agreed Petitioner's claim regarding "jurisdiction" had no merit. (Doc. 1642-1 at 2).

While his appeal of the denial of the motion for new trial was pending, Petitioner filed a motion to vacate his convictions under 28 U.S.C. § 2255. (CR-09-1492, Doc. 1636). After the Ninth Circuit affirmed the denial of the motion for new trial, Petitioner filed an amended motion to vacate. (Doc. 24). In March 2020, the Magistrate Judge issued his R&R analyzing the claims in the amended motion to vacate. In brief, the R&R concludes Petitioner's original motion to vacate was timely because Petitioner was entitled to a short period of equitable tolling. (Doc. 42 at 18). The R&R then concludes that some of the claims asserted in the amended motion to vacate relate back to the original motion and are timely, while other claims do not relate back and must be dismissed as untimely. The R&R then analyzes the timely claims and concludes they fail on their merits.

## ANALYSIS

**I. Specific Objections are Required**

After issuance of the R&R, Petitioner had fourteen days to "file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2)

(emphasis added). The Court is required to conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But the Court need not conduct such a review of any portion of the R&R where there are no objections. Moreover, because "specific" objections are required, general or vague objections have "the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-CV-401-IEG DHB, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013). Thus, the Court need not address any "general, non-specific objections to the magistrate's R & R." *Haley v. Stewart*, No. CV-02-1087-PHX-DGC, 2006 WL 1980649, at *2 (D. Ariz. July 11, 2006).

**II. Petitioners' Objections**

Petitioner's objections consist of disagreements with portions of the R&R's factual background and then what Petitioner describes as a "minimal response" to the portions of the R&R analyzing the merits. (Doc. 43 at 1). Petitioner's objections to the factual background, however, are to details that do not impact proper resolution of his motion. And Petitioner's "minimal response" to the merits focuses on an argument that has no legal basis.

Petitioner's objections begin by pointing to a statement in the R&R that his criminal scheme involved "target[ing] members of the Church of Jesus Christ of Latter-Day Saints." (Doc. 43 at 2). According to Petitioner, that statement is inaccurate and he merely offered the investments to "existing one-on-one relationships." (Doc. 43 at 2). Whether Petitioner "targeted" certain individuals or merely exploited pre-existing relationships is not material to resolving his claims for relief. Therefore, the Court need determine whether Petitioner's behavior qualified as "target[ing]" certain individuals.

Petitioner then seems to object to a statement in the R&R that many loans defaulted. Petitioner agrees with the statement but claims "that was not necessarily a bad thing." Petitioner does not explain why a large amount of defaulting loans would have been advantageous. Nor does Petitioner explain how this issue impacts the merits of his claims.

Next, Petitioner agrees with the R&R that "few loans were made" but Petitioner argues "[g]ood loan opportunities were hard to come by" and he had to review "100

potential hard money loans . . . before one met the loan criteria. (Doc. 43 at 2). Again, Petitioner does not explain why describing the number of loans as "few" or the difficulty in finding "loan opportunity" are relevant details for resolving the merits of his claims.

Petitioner makes a number of other arguments regarding aspects of the R&R's recital of the factual background but none of those arguments appear material to resolving Petitioner's claims for relief. Moreover, many of Petitioner's arguments appear to simply be an attempt to disagree with the facts necessarily found by the jury during Petitioner's criminal trials. With no specific objections establishing the R&R's factual background is wrong, and the underlying record supporting the R&R's version of events, the R&R's factual background will be adopted in full.

After disputing portions of the factual background, Petitioner concedes he "has raised many issues which were either untimely, not fully supported by case law or misunderstood." (Doc. 43 at 5). Because Petitioner does not identify the particular "issues" he is referencing, it is unclear which claims Petitioner concedes are time-barred or lack merit. Petitioner's failure to identify the claims he continues to believe are viable means the Court need not conduct any additional review of the vast majority of the R&R's analysis. However, the Court will interpret the final section of Petitioner's objections as including a few valid objections.

In the final section of his objections, Petitioner provides a list of five "questions which arise out of this case which deserve some consideration." (Doc. 43 at 5). The questions numbered two through five are not aimed at particular portions of the R&R or the claims for relief that Petitioner has raised. Instead, those questions consist of general complaints about the criminal proceedings and Petitioner's alleged innocence. Because those "questions" cannot plausibly be viewed as specific objections, the Court need not provide any additional analysis regarding those questions. Petitioner's first question, however, involves the alleged absence of "jurisdiction" for his criminal prosecution. This "jurisdiction" argument appears to be the basis for a number of Petitioner's pending claims. (Doc. 42 at 42, 52) (Noting grounds 1H, 1K, 3 involve SEC's ability to pursue criminal

charges).

Throughout the history of this case, Petitioner has repeatedly argued the Department of Justice was not allowed to proceed with his prosecution. In Petitioner's view, the fact that the Department of Justice was acting as the prosecutor meant the Court lacked "jurisdiction." Previously, the Court understood Petitioner to be arguing that the SEC, not the Department of Justice, should have brought his criminal prosecution. The Court rejected this argument as did the Ninth Circuit in its January 19, 2018, ruling. There, the Ninth Circuit ruled the Department of Justice has the "authority and responsibility" to pursue criminal prosecutions. (Doc. 1642 at 2). Petitioner now claims the courts have misunderstood his argument. Petitioner now concedes the Department of Justice has "authority to prosecute criminal cases." But he claims before the Department of Justice can pursue any prosecution, it "must receive a criminal referral from the SEC." (Doc. 43 at 6). Because the SEC made no such criminal referral, Petitioner argues there was a lack of "jurisdiction" supporting his prosecution.

Petitioner has not cited any basis for his belief that the Department of Justice's authority is completely dependent on a "criminal referral from the SEC." Existing authority squarely rejects this argument as "meritless." *See United States v. Reed*, 602 F. App'x 436, 439 (10th Cir. 2015) ("Nothing in [the language of 15 U.S.C. § 77t(b)] suggests that an SEC referral is a prerequisite to criminal prosecution by the Attorney General of offenses relating to securities—much less a prerequisite to the district court's jurisdiction over such an offense."). The absence of a "criminal referral" is irrelevant and Petitioner's objection that the SEC was required to issue a criminal referral before his prosecution could proceed is rejected.

Overall, Petitioner's objections do not present any reason to doubt the R&R's factual and legal conclusions. Petitioner has spent years repeatedly litigating his positions and he has never proffered any reason to doubt the jury's verdict or the numerous legal conclusions reached during his prosecution and appeals. Therefore, the R&R will be adopted in full. In these circumstances, there is no need to conduct an evidentiary hearing.

*See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) ("The district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief."). Nor do the "interests of justice" require the appointment of counsel. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (noting habeas petitioner is entitled to appointment of counsel when "interests of justice" require).

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 42) is **ADOPTED IN FULL**. The Amended Motion to Vacate under 28 U.S.C. § 2255 (Doc. 24 in CV-17-00426-PHX-ROS and Doc. 1636 in CR-09-1492-PHX-ROS) are **DENIED**. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** the Motion for Evidentiary Hearing (Doc. 44) and Motion for Appointment of Counsel (Doc. 45) are **DENIED**.

**IT IS FURTHER ORDERED** a certificate of appealability is **DENIED** as Petitioner has not made a substantial showing of a denial of a constitutional right.

Dated this 8th day of May, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge